NOT DESIGNATED FOR PUBLICATION

No. 113,351

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ERNEST JAMES OUTLAND, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed September 4, 2015. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., HILL and BRUNS, JJ.

*Per Curiam*:  Ernest James Outland, Jr., appeals the district court's decision revoking his probation and ordering him to serve a modified sentence. We granted Outland's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). The State filed a response and requested that the district court's judgment be affirmed.

On September 27, 2011, Outland pled guilty to one count of theft by deception, a Class A misdemeanor. The district court imposed a sentence of 12 months in the county jail but granted probation with community corrections for 12 months. Outland did not timely appeal his sentence.

1

On July 11, 2012, the State filed a motion alleging that Outland had violated the conditions of his probation on numerous grounds, including the commission of a new offense. The motion to revoke probation was thereafter amended three times. At a hearing on July 24, 2013, Outland stipulated to violating the conditions of his probation. The district court revoked Outland's probation and ordered him to serve a modified sentence of 6 months in the county jail. Outland timely appealed.

On appeal, Outland contends that the district court erred in revoking his probation and ordering him to serve a modified sentence. Outland acknowledges that once a violation of the conditions of a defendant's probation has been shown, revocation is in the sound discretion of the district court.

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Here, Outland violated the conditions of his probation on numerous grounds, including the commission of a new offense. The record shows that Outland had three criminal cases pending against him at the time of his probation revocation hearing. The district court showed leniency by reducing Outland's sentence in this case to 6 months in jail. The district court's decision to revoke Outland's probation was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See *Ward*, 292

2

Kan. at 550. Thus, we conclude the district court did not abuse its discretion in revoking Outland's probation and ordering him to serve a modified sentence.

Affirmed.